O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| RAQUEL E. VELASQUEZ,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIBER HOME LOANS, INC.; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case № 2:15-cv-05078-ODW-Ex<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [9]** |

## I.    INTRODUCTION

Presently before the Court is Defendant Caliber Home Loans' ("Caliber") Motion to Dismiss Complaint.  (ECF No. 9.)  Because Plaintiff Raquel E. Velasquez ("Plaintiff") has not filed any opposition, and for the reasons discussed in Defendant's papers, the Court **GRANTS** Defendant's Motion. [1]

/ / /

/ / /

/ / /

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

This case arises out of a defaulted mortgage loan, and Plaintiff's efforts to modify said loan. (Mot. 1-2.) In brief, in September of 2006, Plaintiff took out a mortgage loan of $417,000.00, secured by property. (Mot. 1.) She twice defaulted and received loan modifications, in 2009 and 2012. (Mot. 1.) Around 2014, Plaintiff defaulted a third time, and foreclosure proceedings commenced. (Mot. 1.) The property was set for sale in 2015, but the sale was postponed and reset. (Mot. 2.) Plaintiff filed suit one week before the scheduled sale, and the sale has since been postponed. (Mot. 2.)

Plaintiff filed this action in Los Angeles Superior Court on June 4, 2015. (ECF No. 1-1, First Amended Complaint ("FAC").) Defendant properly removed on July 6, 2015, and filed the present Motion to Dismiss on August 12, 2015. (ECF No. 9.) To date, no opposition has been filed.

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as

true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV.   DISCUSSION

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

Caliber's Motion to Dismiss was set for hearing on September 21, 2015. (ECF No. 9.) To date, no opposition to the Motion has been filed. Plaintiff has clearly failed to comply with Local Rule 7-9, and pursuant to Local Rule 7-12 that failure will be deemed consent to granting of the motion. *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009) ("The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion." (quoting *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).

Plaintiff's Complaint alleges that the Caliber acted negligently in its treatment of Plaintiff's mortgage, and specifically violated Business and Professions Code § 17200, breached the covenant of good faith and fair dealing, and intentionally inflicted emotional distress on plaintiff. (*See generally* FAC.)

With regard to the negligence claim, Caliber contends that it owed no duty to Plaintiff as a financial institution purely servicing a borrower's loan. (Mot. 4.) They further contend that Plaintiff's claim under the Home Affordable Modification Act must fail as the Act does not give a private right of action. (Mot. 5.) Lastly, Caliber claims that because it did not cause the foreclosure, it has no liability for its happening. (Mot. 5–6.)

Caliber further alleges that as the foreclosure has not taken place, there has not been the necessary damages required for a § 17200 claim, and because there was no contractual relationship between Caliber and Plaintiff, there can be no breach of the covenant. (Mot. 6–7.) With regard to the claim for intentional infliction of emotional distress, Caliber alleges that foreclosure proceedings are not sufficient to cause severe emotional distress. (Mot. 8.)

Without an Opposition, the Court cannot make any reasonable inquiry into the validity of Caliber's defenses. However, the Court finds that Plaintiff's failure to oppose the motion to dismiss is in effect a concession that her claims lack merit. As a result, dismissal of those claims without leave to amend is appropriate.

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Caliber Home Loans Inc.'s Motion to Dismiss without leave to amend. (ECF No. 9.)

**IT IS SO ORDERED.**

December 8, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**